WILLIAM C. MURDOCK, Executor, etc., v. HARRIET ISABEL WARD and ISABEL GODFREY WARD.

*Will — providing for* equal *division among next of kin, as in case of intestacy — construction of — as to rights of widow and child.*

A testator empowered his executors to pay to his sons, after their arrival at the age of twenty-one years, the whole or part of their portion of his estate as they should deem prudent. The will also provided, " and in case the whole of said principal shall not be paid to them or either of them during their lives, then the said principal, or such part or portion thereof as may remain unpaid, to be equally divided among, and paid to the persons entitled thereto, as their or either of their next of kin, according to the laws of the State of New York, and as if the same were personal property, and they or either of them had died intestate." A son of the testator died before he had received his share, there being some $67,000 thereof in the hands of the executor at the date of his death, leaving a widow and one child, an infant.

*Held*, that the words " equally divided" among the persons entitled thereto, were restricted by the last part of the clause " and as if the same were personal property, and they or either of them had died intestate." The direction was to distribute the property equally in the manner provided by law, as in case of intestacy; but as the law does not distribute equally between a widow and child, no other mode of distribution but the one established by statute as to personal property in case of intestacy was furnished, and it should be followed, and the widow take one-third and the child two-thirds.

Hun—Vol. VIII. 2

APPEAL by Isabel Godfrey Ward, an infant, from a judgment entered on the decision of the Special Term, allowing to the widow, Harriet Isabel Ward, one-half of a fund not paid over to her deceased father under the will of her grandfather, James O. Ward.

This action was brought by the plaintiff as executor and trustee under the will of James O. Ward for a construction of the fourth clause thereof, viz.: "Fourthly. To pay the rest, residue and remainder of my estate to all my children in equal shares as follows, that is to say : To my sons at such time or times after they shall severally arrive at the age of twenty-one years as my said executors shall deem prudent and advisable ; and in case my said executors shall not deem it prudent or advisable to pay to my said sons, or either of them, their shares as they shall severally arrive at the age of twenty-one years, then to pay to them, or either of them, the income thereof, or such part or portion of the principal as they shall from time to time deem prudent and best; and in case the whole of said principal should not be paid to them, or either of them, during their lives, then the said principal, or such part or portion thereof as may remain unpaid, to be equally divided among and paid to the persons entitled thereto, as their or either of their next or kin, according to the laws of the State of New York, and as if the same were personal property, and they or either of them had died intestate."

It appears from the findings of fact that Charles F. Ward, a son of James O. Ward, died August 23, 1875, and that at that time said plaintiff, as executor and trustee, had in his hands about the sum of $67,000, which was the residue of the share of said son, Charles F., not paid over to him in his lifetime; that said son left him surviving the defendants, his widow Harriet Isabel Ward and his infant daughter Isabel Godfrey Ward, aged about eighteen months.

The court on the trial found, as a conclusion of law, that the defendants, the widow and child, were each entitled to one-half of said fund, and directed judgment accordingly. Judgment was, on the 17th of April, 1876, entered in accordance with said findings. From that judgment the infant defendant, Isabel Godfrey Ward, through C. D. Newman, Esq., her guardian *ad litem*,

appealed to this court. Exceptions were filed to the conclusions of law only.

*Clement D. Newman,* for the infant appellant, Isabel Godfrey Ward. I. Next of kin used *simpliciter* does not include the widow. To sustain the decision of the court below it must clearly appear from the context or other parts of will that the words next of kin were used with other import than their strict legal definition. This fund must be "equally divided * * * according to the laws of New York." The testator had in mind persons who take equally by and according to law, not a widow, who, according to law, takes one-third. If there were no widow the daughter would take the whole as next of kin. This is clear. Suppose there were no daughter would the widow take the whole? If the testator meant to include widow in the words next of kin, the widow as devisee in remainder would have just as clear a right as the child to the whole. The persons the testator had in mind as next of kin are clearly shown by the contingent remainder clause, viz.: "In case either of my children should die without issue him or her surviving, I then order and direct that his or her share be paid to the surviving brothers and sisters." Here must come in another forced construction. "Without issue" in this will ought to mean without widow and children, and we must imagine the testator's idea to have been: "If any son of mine leaves issue their mother or step-mother is his next of kin. If he leave no issue she is not next of kin. Perhaps I do and perhaps I don't designate her as a devisee. If the son leaves a child she shall have half its inheritance." II. Next of kin used *simpliciter* means kindred or relation by blood. (*Slosson* v. *Lynch,* 28 How., 417.) "A bequest by husband or wife to next of kin does not include the wife or husband, and the same rule applies to bequest under a power, and where a will provides that next of kin shall take, as in cases of intestacy." (Redfield on Wills, vol. 2, p. 77; *Watt* v. *Watt,* 3 Ves., 244.) Widow does not take where husband's will directs his personal estate "to be divided among his next of kin, as if he had died intestate." (*Garrick* v. *Camden,* 14 Ves., 372.) Where a will reads "to next of kin according to the statutes for the distribution of personal estates of persons dying

intestate," the widow does not take. (*Cholmondely* v. *Ashburton*, 6 Beav., 86 ; *Withy* v. *Mangles*, 4 id., 358.) The English statute is the same as ours. The act of 1849 (p. 387) gave certain damages to the wife and next of kin of deceased person, and a husband suing for death of wife was held not to be next of kin. (See *Dickens* v. *N. Y. C. R. R. Co.*, 23 N. Y., 158.)

*Milton A. Fowler*, for the respondent, Harriet Isabel Ward. I. The term next of kin has not an inflexible meaning, but is construed according to the circumstances under which it is used, and so as to best carry out the intention of the person using it. Under the statute which provides that a creditor of a deceased party who may have neglected to present his claim to the executor or administrator may recover the same of the next of kin of the deceased, to whom any assets may have been paid or distributed, it has been held that such recovery may be had of the widow as next of kin. (*The Merchants' Ins. Co.* v. *Hinman*, 15 How. Pr. Rep., 182.) Again, it has been held that the husband succeeds to the wife's personal estate as her next of kin, although he is not strictly such. (*Fittiplace* v. *Georges*, 1 Ves. Jr., 46–48 ; *Schuyler* v. *Hoyle*, 5 J. Ch., 196–206 ; 2 Kent Com., p. 136.) The court, MILLER, J., giving the opinion in the case of *Knickerbacker* v. *Seymour*, says : " I think it must be conceded that the expression ' next of kin ' may be employed in a deed or will conveying or bequeathing property, so as to authorize a construction which will include the wife or widow." (*Knickerbacker* v. *Seymour*, 46 Barb., 198–205.) II. Whatever doubt there may be as to whether a bequest to the next of kin of a party includes his wife, such doubt is entirely removed by the words used in this will : " To the persons entitled thereto as their next of kin, according to the laws of the State of New York, and as if the same were personal property, and they or either of them had died intestate." This clause of the will explains next of kin, as meaning such persons as would take as distributees, under the laws of the State, in cases of intestacy. 1. No laws of the State can be referred to except the statutes as to the distribution of personal property, found in 2 Rev. Stat., at p. 96, § 75. 2. If a strict and liberal meaning is attempted to be given to the words " next of kin " in that statute, such an interpretation would exclude the

child as well as the widow, for the distribution is "to the widow, children, or next of kin, in manner following." No one would say that such would be a fair construction of the words, nor can it be argued any more fairly that the wife is excluded. 3. The widow is a distributee under the statutes of this State, and as such is one of the persons referred to in the clause of the will above quoted. (2 Redfield on Wills, p. 400, § 47, sub. 14.) In a case having a trust similar to this, the words of after-distribution, being "to the heirs at law and next of kin of said party of the first part in the manner and proportions prescribed by the statutes of descent and distribution of this State, in case of persons who die intestate," the court says : "The expression 'in cases of persons who die intestate' qualifies the previous language so as to indicate that it was intended to embrace the widow within the words employed." (*Knicker-backer* v. *Seymour*, 46 Barb., 198–207.)

BARNARD, P. J. :

James C. Ward, by his will, empowered his executors to pay to his sons, after their arrival at the age of twenty-one years, the whole or part of their portion of his estate as they should deem prudent. Charles F. Ward, a son of testator, died before he had received his share, there being about $67,000 thereof in the executors' hands at the date of his death. He left a widow and one child, an infant.

The will provided for distribution in case of death of the son as follows : "And in case the whole of said principal shall not be paid to them, or either of them, during their lives, then the said principal, or such part or portion thereof as may remain unpaid, to be equally divided among and paid to the persons entitled thereto, as their or either of their next of kin, according to the laws of the State of New York, and as if the same were personal property, and they or either of them had died intestate." The clause above given suggests three constructions :

1. That the widow and child take equally.

2. That the widow is not next of kin, and the child takes all.

3. That the widow takes one-third and the child two-thirds, as if the son had owned the property and had died intestate.

I think the last the true construction of the clause in question.

The words "equally divided" among the persons entitled thereto are restricted by the last part of the clause, "*and* as if the same were personal property, and they or either of them had died intestate." In other words, the direction is to distribute the property equally in the manner provided by law as in case of intestacy. The law does not distribute equally between a widow and child. No other mode of distribution but the one established by statute as to personal property in case of intestacy is furnished, and that should be followed.

Decree modified accordingly.

GILBERT, J., concurred. DYKMAN, J., not sitting.

Judgment modified by giving widow one-third and child two-thirds of fund.